Kenneth H. Brown (CA Bar No. 100396)
Miriam Manning (CA Bar No. 178584)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010

E-mail: kbrown@pszjlaw.com
mmanning@pszjlaw.com

Counsel for E. Lynn Schoenmann,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>CROSS CHANNEL, INC.<br>      Debtor. | Case No.: 18-31182<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S EX PARTE APPLICATION FOR ORDER REQUIRING PRODUCTION OF DOCUMENTS AND APPEARANCE FOR EXAMINATION BY SOURABH NIYOGI PURSUANT TO BANKRUPTCY RULE 2004**<br><br>[No Hearing Required] |

E. Lynn Shoenmann, the duly appointed Chapter 7 Trustee ("Trustee") in the above-captioned bankruptcy case, hereby submits this ex parte application ("Application") for an order requiring the production of documents and examination by Sourabh Niyogi ("2004 Production and Examination") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Bankruptcy Local Rule 2004-1. A 2004 Production and Examination of Sourabh Niyogi is necessary to enable the Trustee to investigate the above captioned debtor's assets and liabilities.

**I.**

**FACTUAL BACKGROUND**

Cross-Channel Inc. (the "Debtor") was a technology company located in San Mateo, California. The Debtor filed a voluntary chapter 7 petition on October 30, 2018 along with its schedules and

statement of financial affairs.  The Trustee is the duly appointed and acting chapter 7 trustee of the Debtor's estate.

Sourabh Niyogi was the Debtor's former President and CEO.  The Debtor's schedules indicate that the Debtor was engaged in the business of online advertising and as of the petition date had $1,005,080.53 of unsecured debt and no assets.  The schedules also show that the two years prior to the bankruptcy filing, the Debtor had generated millions of dollars in revenue.  However, during the summer of 2017, the Debtor largely ceased operations but continued to staff employees who appeared to provide services solely to a business known as Wolk, Inc., an entity in which Sourabh Niyogi also serves as a key figure.  Therefore, in order to properly administer the Debtor's estate and to gain a better understanding of the scope of the Debtor's assets and liabilities, the relationship between the Debtor and Wolk, Inc., potential claims and avoidable transfers, the Trustee requests that Sourabh Niyogi produce the documents (the "Documents") identified on **Exhibit A** attached hereto and appear for an examination pursuant to Rule 2004.

## II.

## LEGAL ARGUMENT

The proposed 2004 Production and Examination is proper.  Federal Rule of Bankruptcy Procedure 2004 permits an examination "of an entity" with respect to the "property" of the debtor and with respect to "any matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(a).  The term entity includes persons. Bankr. Code § 101(15).  Examinations under Bankruptcy Rule 2004 include within their scope any matter related to assets, liabilities, or the financial condition of the debtor; or any matter which may affect the administration of a debtor's estate. *See* Fed. R. Bankr. P. 2004(b).

The purpose of a Bankruptcy Rule 2004 examination is "to allow inquiry in the debtor's acts, conduct or financial affairs so as to discover the existence or location of assets of the estate." *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993). *See also In re N. Plaza LLC*, 395 B.R. 113, 122 n. 9 (S.D. Cal. 2008) (purpose of Bankruptcy Rule 2004 examination is "discovering assets and unearthing frauds") (internal citations omitted); *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989) (rule's primary purpose is to ascertain "the extent and location of the estate's assets [and]

examination is not limited to the debtor or his agents, but may properly extend to creditors and third parties who have had dealings with the debtor.") (internal citations omitted).

The scope of an examination permitted under Bankruptcy Rule 2004 is "unfettered and broad." *In re Dinubilo,* 177 B.R. at 939. *See also In re W&S Investments, Inc.* 1993 U.S. App. LEXIS 2231 at *6 (9th Cir. Jan. 28, 1993) ("The scope of inquiry permitted under a Rule 2004 examination is generally very broad and can legitimately be in the nature of a 'fishing expedition.") (internal citations omitted). The Trustee, in furtherance of her duties and powers as chapter 7 trustee, seeks the examination and production of documents Sourabh Niyogi that are relevant to the Debtor's financial condition and affairs. Accordingly, the Trustee requests that the Application be granted.

**WHEREFORE,** the Trustee respectfully requests that an order be entered compelling Sourabh Niyogi to:

1. Produce the Documents described and specified in **Exhibit A** attached hereto at the law offices of Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, on **March 29, 2019 at 10:00 AM.**

2. Provide a custodian of records declaration authenticating all documents so produced.

3. Appear for oral examination on **April 19, 2019 at 1:00 PM** at the law offices of Pachulski Stang Ziehl & Jones, at the address noted above, or at a mutually acceptable date and time and shall take place before a certified court reporter. Except as otherwise ordered, the deposition will continue from day to day, excluding weekends and holidays, until completed.

Dated: February 28, 2019           PACHULSKI STANG ZIEHL & JONES LLP

By: */s/ Miriam Manning*
    Miriam Manning
    Counsel to E. Lynn Schoenmann,
    Chapter 7 Trustee

# EXHIBIT A

Unless otherwise stated, the following definitions shall apply to these Requests:

1. "BANKRUPTCY CASE" means the case commenced by the DEBTOR and currently pending before the United States Bankruptcy Court for the Northern District of California, Case No. 18-31182.

2. "BOARD" means the governing body for the Debtor. (*e.g.*, Board of Directors).

3. "COMMUNICATION(S)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written communications of any nature, type or kind including, but not limited to, any DOCUMENTS, telephone conversations, discussions, meetings, facsimiles, e-mails, text messages, memoranda, and any other medium through which any information is conveyed or transmitted.

4. "DEBTOR" means Cross Channel, Inc., and includes its parents, subsidiaries, predecessors, members, employees, agents, attorneys, professionals, officers, directors, representatives, consultants, or anyone else acting on its behalf.

5. The term "DOCUMENT" is used herein in the broadest possible sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all "writings" as defined in Rule 1001 of the Federal Rules of Evidence, including COMMUNICATIONS, and all other tangible things by which human communication is transmitted or stored, meaning any kind of printed, electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced, copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any kind of written, typewritten, graphic, photographic, printed, taped or recorded material whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex or telefax, and regardless of the source or author thereof, including without limitation, any writing filed for reporting or other purposes with any state, federal or local agency; notes; memoranda, including but not limited to memoranda of telephone conversations; letters; audited financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office communications; circulars;

bulletins; manuals; results of investigations; progress reports; study made by or for business or personal use; financial reports and data of any kind; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of ELECTRONICALLY STORED INFORMATION: that is, any data, including COMMUNICATIONS, present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any DOCUMENT that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another DOCUMENT is to be considered a separate DOCUMENT.

      6.     "EACH" shall be construed as "all" and "each."

      7.     "ELECTRONICALLY STORED INFORMATION" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by YOU, including, but not limited to, mainframe, desktop, laptop, tablet, or palmtop computers, network servers, telephone voicemail servers, employees' employer-provided home

computers, and the personal digital assistants (PDAs), digital cell phones, telephone answering machines, pagers, or other information-storing electronic devices of YOU and YOUR employees of the DEBTOR, or on associated external storage media, backup tapes, and other archival copies of same.

8. "IDENTIFY" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

9. "PERSON" is defined as any natural person or any business, legal, or governmental entity or association.

10. "PETITION DATE" shall mean October 30, 2018 when the Debtor filed its voluntary chapter 7 petition.

11. The term "RELATING TO" shall mean describing, discussing, evidencing, referring to, concerning constituting, regarding, bearing upon, supporting, summarizing, pertaining to, alluding to, depicting, involving, embodying, containing, suggesting, mentioning, arising out of, in connection with, or having any logical or factual connection with the matter in question.

12. "YOU" or "YOUR" shall mean Sourabh Niyogi and any of his agents or anyone else acting on his behalf.

13. "WOLK" shall mean Wolk, Inc. and any of its agents, officers, employees, accountants, representatives, attorneys, or anyone else acting on its behalf.

**INSTRUCTIONS**

1. YOU are required to conduct a thorough investigation and produce all DOCUMENTS in your possession, custody, and control including all DOCUMENTS in the possession, custody and control of your attorneys, investigators, experts, officers, directors, employees, agents, representatives, consultants, and anyone acting on your behalf.

2. The use of the singular form of any word includes the plural, and vice versa.

3. The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. If YOU are unable to comply with a particular category(ies) of the requests below and DOCUMENTS responsive to the category are in existence, IDENTIFY the following information:

a) The date of the DOCUMENT;

b) The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

c) The general subject matter of the DOCUMENT;

d) The name, address, telephone number and title of the author(s) of the DOCUMENT;

e) The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

f) The number of pages in the DOCUMENT;

g) The document control number, if any;

h) The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

i) A specific description of the subject matter of the DOCUMENT;

j) The reason why the DOCUMENT cannot be produced or why you are unable to comply with the particular category of request.

5. YOU are required to produce the full and complete originals, or copies if the originals are unavailable, of each DOCUMENT responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the DOCUMENT is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s).

6. YOU are required to produce the DOCUMENTS as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

7. YOU are required to produce ELECTRONICALLY STORED INFORMATION in searchable form on DVDs, CD-ROMs, via FTP, or any other medium that is acceptable to counsel to the Trustee. If necessary, all ELECTRONICALLY STORED INFORMATION shall be translated

before production into reasonably usable form. Unless otherwise specified, documents, reports, and other ELECTRONICALLY STORED INFORMATION created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access, Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf" application shall be produced in native form; that is, the form in which the document is currently stored on whatever media it currently resides. The document should not be locked, resaved, restructured, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather should be produced in a copy precisely reproducing its entire state as present in YOUR systems. Electronic mail (e-mail) should be produced in native form; that is, in whatever database and/or file/directory structures are used by YOUR mail processing software. All metadata and other unapparent or hidden data related to mail messages shall be produced, including, but not limited to, any file attachments, message priority flags, message read/access timestamps, and, in the case of e-mail sent to distribution lists, information on the membership of such lists at the time the e-mail was sent.

8. If YOU withhold or redact a portion of any DOCUMENT under a claim of privilege or other protection, each such DOCUMENT must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged DOCUMENTS responsive to this Request for Production, and which privilege log shall IDENTIFY the following information:

    a) The date of the DOCUMENT;

    b) The type of DOCUMENT (e.g., letter, memorandum, report, etc.);

    c) The general subject matter of the DOCUMENT;

    d) The name, address, telephone number and title of the author(s) of the DOCUMENT;

    e) The name, address, telephone number and title of each recipient and/or addressee of the DOCUMENT;

    f) The number of pages in the DOCUMENT;

    g) The document control number, if any;

    h) The present location(s) of the DOCUMENT and the name, address and telephone number of the person(s) who has (have) possession of the DOCUMENT;

i) A general description of the subject matter of the DOCUMENT or the portion redacted without disclosing the asserted privileged or protected communication;

j) The specific privilege(s) or protection(s) that you contend applies; and

k) Requests RELATING TO any PERSON shall include such PERSON'S employees, agents, attorneys, investigators, experts, professionals, officers, directors, representatives, and anyone acting on such PERSON'S behalf.

## DOCUMENTS TO BE PRODUCED

**REQUEST NO. 1:**

All DOCUMENTS RELATING to services provided by YOU to WOLK from January 1, 2017 to the PETITION DATE, including but not limited to invoices, agreements, and correspondence.

**REQUEST NO. 2:**

All DOCUMENTS RELATING to payments made for services described in Request No. 1, including canceled checks, wire transfers, and bank statements.

**REQUEST NO. 3:**

All DOCUMENTS RELATING to services provided by the DEBTOR to WOLK from January 1, 2017 to the PETITION DATE, including but not limited to invoices, agreements, and correspondence.

**REQUEST NO. 4:**

All DOCUMENTS RELATING to payments made for services described in Request No. 3, including canceled checks, wire transfers, and bank statements.

**REQUEST NO. 5:**

All DOCUMENTS RELATING to the acquisition or use of the DEBTOR's source code by YOU or WOLK.

**REQUEST NO. 6:**

All DOCUMENTS RELATING to any computer software produced or developed by the DEBTOR and which is or has been used by YOU or WOLK.

**REQUEST NO. 7:**

All DOCUMENTS RELATING to the sale, transfer, or assignment of the DEBTOR's tangible or intangible assets (including intellectual property) to YOU or to any third party, including WOLK.

**REQUEST NO. 8:**

All DOCUMENTS RELATING to any payments made by YOU for the DEBTOR's tangible or intangible assets (including intellectual property).

**REQUEST NO. 9:**

All DOCUMENTS RELATING to any payments made by WOLK for the DEBTOR's tangible or intangible assets (including intellectual property).

**REQUEST NO. 10:**

All contracts, agreements or proposed agreements between YOU and third parties who were former customers of the DEBTOR.

**REQUEST NO. 11:**

All contracts, agreements or proposed agreements between WOLK and third parties who were, or are, creditors of the DEBTOR.

**REQUEST NO. 12:**

All contracts, agreements or proposed agreements between YOU and the DEBTOR.

**REQUEST NO. 13:**

All contracts, agreements or proposed agreements between WOLK and the DEBTOR.

**REQUEST NO. 14:**

All minutes of the BOARD.

**REQUEST NO. 15:**

All minutes of the board of directors of WOLK from its formation to the present.

**REQUEST NO. 16:**

All DOCUMENTS RELATING to the formation of WOLK, including the certificate of information, articles of incorporation and bylaws.

**REQUEST NO. 17:**

All DOCUMENTS RELATING to the initial funding or capitalization of WOLK.

**REQUEST NO. 18:**

All annual financial statements for WOLK (audited if available) for the years 2017 to the present.

**REQUEST NO. 19:**

All lists or rosters that IDENTIFY officers or directors of WOLK from the date of its formation to the present.

**REQUEST NO. 20:**

All lists or rosters that IDENTIFY employees of WOLK from the date of its formation to the present.

**REQUEST NO. 21:**

All lists or rosters that IDENTIFY shareholders of WOLK from the date of its formation to the present.

**REQUEST NO. 22:**

All lease or rental agreements RELATING to WOLK's business operations at 2929 Campus Drive, #101, San Mateo, California.

**REQUEST NO. 23:**

All employment agreements between YOU and third parties in effect in 2017 and 2018.

**REQUEST NO. 24:**

All COMMUNICATIONS RELATING to WOLK between 2017 and the PETITION DATE.

**REQUEST NO. 25:**

All COMMUNICATIONS between WOLK and the DEBTOR's employees.

**REQUEST NO. 26:**

All COMMUNICATIONS between WOLK and the DEBTOR's officers.

**REQUEST NO. 27:**

All COMMUNICATIONS between WOLK and the DEBTOR's customers.

**REQUEST NO. 28:**

All COMMUNICATIONS between WOLK and the DEBTOR's creditors.

**REQUEST NO. 29:**

All lists or rosters that IDENTIFY YOUR equity ownership interest or any other beneficial interest in WOLK.

**REQUEST NO. 30:**

All lists or rosters that IDENTIFY YOUR equity ownership interest or any other beneficial interest in any creditor of the DEBTOR.

**REQUEST NO. 31:**

All lists or rosters that IDENTIFY YOUR equity ownership interest or any other beneficial interest in any former customer of the DEBTOR.

**REQUEST NO. 32:**

All insurance policies that provide, or provided, insurance coverage for the DEBTOR or its officers, directors or employees.

**REQUEST NO. 33:**

All COMMUNICATIONS RELATING to CrossInstall, Inc. from 2017 to the present.

**REQUEST NO. 34:**

All DOCUMENTS RELATING to any payments made by YOU or any third party (excluding any insurers) to CrossInstall, Inc. as part of a settlement of litigation between the Debtor and CrossInstall, Inc. in 2018.