UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

In Re: §
§
CROSS CHANNEL INC § Case No. 18-31182 HLB
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 10/30/2018 . The undersigned trustee was appointed on 10/30/2018 .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 138,939.30 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 892.31 |
| Bank service fees | | 0.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 138,046.99 |

The remaining funds are available for distribution.

---
[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 04/22/2019 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 10,196.97 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 10,196.97 , for a total compensation of $ 10,196.97 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 11.36 , for total expenses of $ 11.36 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/01/2021        By:/s/E. LYNN SCHOENMANN
                              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

Case: 18-31182    Doc# 36    Filed: 02/02/21    Entered: 02/02/21 08:30:28    Page 2 of 10

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Exhibit A

| Case No: | 18-31182 | Judge: HANNAH L BLUMENSTIEL | Trustee Name: | E. LYNN SCHOENMANN |
|---|---|---|---|---|
| Case Name: | CROSS CHANNEL INC | | Date Filed (f) or Converted (c): | 10/30/18 (f) |
| | | | 341(a) Meeting Date: | 11/27/18 |
| For Period Ending: | 12/31/20 | | Claims Bar Date: | 04/22/19 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. WELLS FARGO CLOSED CHECKING ACCOUNT | 0.00 | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| 2. FRAUDULENT TRANSFER (u) | 0.00 | 120,000.00 | | 120,000.00 | FA | 0.00 | 0.00 |
| [Trustee value per settlement] | | | | | | | |
| [04/15/20: Motion to Approve Compromise; Doc#29] | | | | | | | |
| [05/08/20: Order re settlement; Doc#33] | | | | | | | |
| 3. 2016 TAX OVERPAYMENTS: (u) | 0.00 | 18,916.00 | | 18,939.30 | FA | 0.00 | 0.00 |
| [FEDERAL = $7,745; STATE = $11,171] | | | | | | | |
| 4. MICRO-CAPTIVE INSURANCE PROGRAM (u) | Unknown | 0.00 | | 0.00 | FA | 0.00 | 0.00 |
| In the course of reviewing Debtor's financial information, it was discovered that Sourabi Niyogi, President and CEO of Debtor, and his spouse Francesca owned a micro-captive insurance company, which provided insurance for Debtor but also provided tax advantages toNiyogi and spouse. Debtor also paid insurance premiums to the captive which ultimately benefited the Niyogi's. These transactions were identified as potential fraudulent transfers and possible breach of fiduciary duty to the Debtor. After an extensive investigation, it was determined that there were unacceptable litigation risks. Insolvency was not apparent until late in the game, thus limiting possible recovery. There were also issues relating to ability to prove lack of reasonably equivalent value because the payments for the insurance were in fact made to purchase insurance, and although we believed the payments were likely excessive the estate lacked the funds necessary to retain experts needed to prove it. Given the modest amount of unsecured claims, the upside was not large enough to appeal to special litigation counsel on a contingency; and the estate lacked the funds needed to pay | | | | | | | |

| Case No: | 18-31182 | Judge: HANNAH L BLUMENSTIEL | Trustee Name: | E. LYNN SCHOENMANN |
|---|---|---|---|---|
| Case Name: | CROSS CHANNEL INC | | Date Filed (f) or Converted (c): | 10/30/18 (f) |
| | | | 341(a) Meeting Date: | 11/27/18 |
| | | | Claims Bar Date: | 04/22/19 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| for protracted litigation. Claim involved a complex set of facts, expensive to litigate. As an exercise in business judgment, for those reasons the claim was not pursued beyond an attempt to settle upon demand. | | | | | | | |

|  |  |  | Gross Value of Remaining Assets |  |  |
|---|---|---|---|---|---|
| TOTALS (Excluding Unknown Values) | $0.00 | $138,916.00 | $138,939.30 | $0.00 | $0.00 | $0.00 |
|  |  |  | (Total Dollar Amount in Column 6) |  |  |

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

12/31/19: FTB refund check remains outstanding. Ongoing settlement negotiations continue with respect to fraudulent transfer claim.

03/27/20: Settlement reached; Niyogi to pay $120,000 in two installments; $60,000 upon court approval and $60,000 six months thereafter; Doc#29. 9019 motion for court approval being prepared.

04/09/20: There are no other apparent assets available in the estate. Estate will proceed to TFR upon receipt of second installment payment. Closing anticipated at year end 2020.

05/11/20: Order approving settlement entered. $60K due June 1; 2nd installment of $60K due December 1. FTB refund remains outstanding, accountant following up with state.

May 12, 2020: First installment of $60,000 received.

06/30/20: FTB refund check rec'd. Case will be ready to close when final installment of settlement rec'd, due Dec 1

09/30/20: No change, awaiting final settlement check due December 1, case will then be ready to close.

11/09/20: Final settlement installment received. TFR to be prepared, case is ready to close.

12/10/20: TFR; await Final Hearing date/time

Initial Projected Date of Final Report (TFR): 06/30/20    Current Projected Date of Final Report (TFR): 12/31/20

# FORM 2
## ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| | |
|---|---|
| Case No: | 18-31182 -HLB |
| Case Name: | CROSS CHANNEL INC |
| Taxpayer ID No: | *******6335 |
| For Period Ending: | 12/31/20 |

| | |
|---|---|
| Trustee Name: | E. LYNN SCHOENMANN |
| Bank Name: | Axos Bank |
| Account Number / CD #: | *******0274 Checking Account (Non-Interest Earn |
| Blanket Bond (per case limit): | $ 999,999,999.99 |
| Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 11/19/19 | 3 | UNITED STATES TREASURY | TAX OVERPAYMENT REFUND | 1224-000 | 8,281.55 | | 8,281.55 |
| 01/22/20 | 005001 | INTERNATIONAL SURETIES, LTD 701 Polydras St., Ste. 420 New Orleans, LA 70139 | Blanket Bond# 016048574 | 2300-000 | | 4.14 | 8,277.41 |
| 05/12/20 | 2 | FRANCESCA NIYOGI | SETTLEMENT PAYMENT | 1241-000 | 60,000.00 | | 68,277.41 |
| 06/29/20 | 3 | Cakfornia FTB | 2016 Tax Overpayment Refund | 1224-000 | 10,657.75 | | 78,935.16 |
| 08/18/20 | 005002 | CALIFORMAN FRANCHISE TAX BOARD PO Box 942857 Sacramento, CA 94257-0511 | Entity ID: CORP 3260975 Notice# 8428873200807 | 2820-000 | | 888.17 | 78,046.99 |
| 11/09/20 | 2 | FRANCESCA NIYOGI | Fraudulent Transfer | 1241-000 | 60,000.00 | | 138,046.99 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 138,939.30 | 892.31 | 138,046.99 |
| Less: Bank Transfers/CD's | | 0.00 | 0.00 | |
| Subtotal | | 138,939.30 | 892.31 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 138,939.30 | 892.31 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| Checking Account (Non-Interest Earn - ********0274) | 138,939.30 | 892.31 | 138,046.99 |
| | 138,939.30 | 892.31 | 138,046.99 |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 138,939.30 892.31

Case Number: 18-31182    Priority Sequence
Debtor Name: CROSS CHANNEL INC

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 000 2200-00 | E LYNN SCHOENMANN<br>CHAPTER 7 TRUSTEE<br>35 MILLER AVE #298<br>MILL VALLEY CA 94941-1903 | Administrative | | $0.00 | $11.36 | $11.36 |
| 000 2100-00 | E LYNN SCHOENMANN<br>CHAPTER 7 TRUSTEE<br>35 MILLER AVE #298<br>MILL VALLEY CA 94941-1903 | Administrative | | $0.00 | $10,196.97 | $10,196.97 |
| 000002A 000 2820-00 | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>POB 2952<br>SACRAMENTO CA 95812-2952 | Administrative | | $0.00 | $800.00 | $800.00 |
| 00004 000 3210-00 | PACHULSKI STANG ZIEHL & JONES<br>KENNETH H BROWN<br>150 CALIFORNIA ST 15TH FL<br>SAN FRANCISCO CA 94111-4500 | Administrative | | $0.00 | $129,058.50 | $129,058.50 |
| 00005 000 3220-00 | PACHULSKI STANG ZIEHL & JONES<br>KENNETH H BROWN<br>150 CALIFORNIA ST 15TH FL<br>SAN FRANCISCO CA 94111-4500 | Administrative | | $0.00 | $890.39 | $890.39 |
| 00006 000 3410-00 | BACHECKI CROM & CO LLP<br>CERTIFIED PUBLIC ACCOUNTANTS<br>400 OYSTER POINT BLVD STE 106<br>SOUTH SAN FRANCISCO CA 94080 | Administrative | | $0.00 | $47,615.50 | $47,615.50 |
| 00007 000 3420-00 | BACHECKI CROM & CO LLP<br>CERTIFIED PUBLIC ACCOUNTANTS<br>400 OYSTER POINT BLVD STE 106<br>SOUTH SAN FRANCISCO CA 94080 | Administrative | | $0.00 | $167.63 | $167.63 |
| 000001A 001 2820-00 | FRANCHISE TAX BOARD<br>BANKRUPTCY SECTION MS A340<br>POB 2952<br>SACRAMENTO CA 95812-2952 | Administrative | | $0.00 | $840.72 | $888.17 |
| 004 2820-00 | FRANCHISE TAX BOARD<br>STATE OF CALIFORNIA<br>DUPLICATE CLAIM | Administrative | | $0.00 | $840.72 | $888.17 |

EXHIBIT C
ANALYSIS OF CLAIMS REGISTER

Date: February 01, 2021

Case Number: 18-31182
Debtor Name: CROSS CHANNEL INC

Priority Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 045<br>5800-00 | FRANCHISE TAX BOARD<br>STATE OF CALIFORNIA<br>POB 942857<br>SACRAMENTO CA 94257-0511 | Priority | | $0.00 | $846.83 | $846.83 |
| 000003<br>070<br>7100-00 | GOOGLE LLC<br>C/O WHITE AND WILLIAMS LLP<br>7 TIMES SQUARE STE 2900<br>NEW YORK NY 10036-6524 | Unsecured | | $0.00 | $383,560.23 | $383,560.23 |
| 080<br>7300-00 | FRANCHISE TAX BOARD<br>STATE OF CALIFORNIA<br>POB 942857<br>SACRAMENTO CA 94257-0511 | Unsecured | | $0.00 | $68.06 | $68.06 |
| | Case Totals: | | | $0.00 | $574,896.91 | $574,991.81 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 18-31182 HLB
Case Name: CROSS CHANNEL INC
Trustee Name: E. LYNN SCHOENMANN

| | | |
|---|---|---|
| Balance on hand | $ | 138,046.99 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: E. LYNN SCHOENMANN | $ 10,196.97 | $ 0.00 | $ 7,458.19 |
| Trustee Expenses: E. LYNN SCHOENMANN | $ 11.36 | $ 0.00 | $ 8.31 |
| Attorney for Trustee Fees: PACHULSKI STANG ZIEHL & JONES | $ 129,058.50 | $ 0.00 | $ 94,394.96 |
| Attorney for Trustee Expenses: PACHULSKI STANG ZIEHL & JONES | $ 890.39 | $ 0.00 | $ 651.24 |
| Accountant for Trustee Fees: BACHECKI CROM & CO LLP | $ 47,615.50 | $ 0.00 | $ 34,826.56 |
| Accountant for Trustee Expenses: BACHECKI CROM & CO LLP | $ 167.63 | $ 0.00 | $ 122.60 |
| Other: FRANCHISE TAX BOARD | $ 800.00 | $ 0.00 | $ 585.13 |
| Other: FRANCHISE TAX BOARD | $ 888.17 | $ 888.17 | $ 0.00 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 138,046.99 |
| Remaining Balance | $ 0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 846.83 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | FRANCHISE TAX BOARD | $ 846.83 | $ 0.00 | $ 0.00 |
|  | Total to be paid to priority creditors |  |  | $ 0.00 |
|  | Remaining Balance |  |  | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 383,560.23 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000003 | GOOGLE LLC | $ 383,560.23 | $ 0.00 | $ 0.00 |
|  | Total to be paid to timely general unsecured creditors |  |  | $ 0.00 |
|  | Remaining Balance |  |  | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 68.06 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
|  | FRANCHISE TAX BOARD | $ 68.06 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to subordinated unsecured creditors | $ 0.00 |
| Remaining Balance | $ 0.00 |